**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

LUIS GUZMANVILLA, a/k/a Benito,
　　　　　*Defendant-Appellant.*

No. 02-4025

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-174)

Submitted: June 20, 2002

Decided: July 22, 2002

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Jeffrey B. Welty, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Luis Guzmanvilla pleaded guilty to one count of conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846 (1994). He received the mandatory minimum sentence of 120 months in prison. *See* 21 U.S.C.A. § 841(b)(1)(A)(ii) (West 1999). Guzmanvilla's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two claims but stating that, in his opinion, there are no meritorious grounds for appeal. Guzmanvilla has filed a pro se supplemental brief. We affirm.

Guzmanvilla's plea agreement stated that Guzmanvilla understood "that he shall be sentenced to a term of imprisonment of no less than ten years." Additionally, the plea agreement stated that the Government would recommend a two-level adjustment to Guzmanvilla's offense level for acceptance of responsibility, *see U.S. Sentencing Guidelines Manual* § 3E1.1(a) (2001), and would recommend an additional one-level adjustment if Guzmanvilla's offense level was 16 or greater, *see* USSG § 3E1.1(b)(2).

At his Fed. R. Crim. P 11 proceeding, Guzmanvilla informed the court that he understood the terms of his plea agreement and that he was satisfied with the services of his attorney. The court informed Guzmanvilla that he was subject to a statutory minimum ten-year sentence, and Guzmanvilla stated that he understood this.

The probation officer found that Guzmanvilla's base offense level was 32, *see* USSG § 2D1.1(c)(4). Three points were subtracted for acceptance of responsibility, for a total offense level of 29.* Guzman-

---

*Had Guzmanvilla gone to trial, he would not have received the three-point adjustment, and his guideline range for offense level 32, criminal history category I, would have been 121-51 months. By pleading guilty, Guzmanvilla avoided a more severe sentence.

villa's criminal history category was I, and his resulting guideline range was 87-108 months. Because the statutory minimum sentence was greater than the maximum guideline sentence, the statutorily required minimum sentence became Guzmanvilla's guideline sentence. *See* USSG § 5G1.1(b). Over Guzmanvilla's objections, the district court adopted the presentence report and sentenced him to 120 months in prison.

Neither of the arguments raised by counsel has merit. First, Guzmanvilla should not have been sentenced within his guideline range of 87-108 months because the guidelines require that the statutory minimum be imposed when the maximum sentence under the guideline range is less than that minimum. *See id.*; *United States v. Pillow*, 191 F.3d 403, 404 (4th Cir. 1999). Second, despite Guzmanvilla's self-serving and conclusory claim that he cooperated with the Government prior to sentencing, the Government and his attorney state that he did not provide information to the Government about the offense of conviction or any other offense. He thus was not entitled to the benefit of the "safety valve" provision set forth at 18 U.S.C. § 3553(f)(1)-(5) (1994).

While we grant the motion to supplement the pro se brief, that brief, as supplemented, raises no meritorious issues. First, because ineffective assistance of counsel does not conclusively appear on the face of the record, we will not address that claim on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). There is no evidence of prosecutorial misconduct or breach of the plea agreement in this case. Based on the plea agreement and Guzmanvilla's statements at the Rule 11 proceeding, his ten-year sentence is exactly the sentence that he bargained for and acknowledged that he expected to receive. Guzmanvilla was properly placed in criminal history category I. We note that he would have been in this category even if he had no criminal history points. Finally, there is no evidence that would support Guzmanvilla's claim, raised for the first time on appeal, that he was entitled to a reduction in his offense level for his mitigating role in the conspiracy.

As required by *Anders*, we have reviewed the entire record in this case and find no error. We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions

are adequately set forth in the materials before the court and argument would not aid the decisional process.

The motion to withdraw as attorney is denied at this time, as is Guzmanvilla's motion to relieve attorney. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari, unless counsel believes that such a petition would be frivolous. Counsel's motion must state that counsel served a copy of the motion on his client.

*AFFIRMED*